**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARCUS BYRD,                                    :
                                                :
                    Plaintiff                   :
                                                :
vs.                                             :        Civil Action No.:
                                                :
EMMANUEL ARSENAULT;                             :
SEAFOOD EXPRESS (PEI) LTD.                      :
                                                :
                    Defendants                  :        MAY 27, 2021

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, **Emmanuel Arsenault and Seafood Express (PEI), Ltd.,** hereby give notice of the removal of the above-captioned action from the Superior Court of Connecticut, J.D. of Waterbury at Waterbury, which is the judicial district in which said action is pending, to this Court. The grounds for removal are as follows:

1.      On or about April 30, 2021 the plaintiff, Marcus Byrd, commenced a civil action against Emmanuel Arsenault and Seafood Express (PEI) Ltd., in the Superior Court of Connecticut, J.D. of Waterbury at Waterbury, titled MARCUS BYRD, Pltf. vs. Emmanuel Arsenault et al., Dfts. (the "Waterbury Action"), Docket Number UWY-CV21-6060137-S.

1

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209

2.      The plaintiff's Complaint alleges that as a result of the negligence of the defendants, the plaintiff "suffered the following injuries, some or all of which may be permanent in nature: 6% permanent partial disability to the cervical spine, cervical strain/sprain, neck pain, segmental and somatic dysfunction of the cervical spine, left shoulder pain, segmental and somatic dysfunction of the lumbar spine, 7% permanent partial disability to the lumbosacral spine, lumbar strain/sprain, disc bulge L4-L5, disc bulge L5-S1, lumbar radiculopathy, back pain, neck pain, concussion, head pain, left foot pain, left knee pain and pain and suffering, both mental and physical". In addition, the plaintiff alleges that as a result of the collision "was forced to incur expenses for medical care and treatment, all necessary to his recovery, and will likely be forced to incur additional expenses for medical care and treatment in the future".

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1332(a) because complete diversity exists between the plaintiff and the defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the plaintiff and the defendants. Plaintiff is an individual who is a citizen of the State of Connecticut.

2

Defendant Emmanuel Arsenault is a citizen of Canada. Defendant Seafood Express (PEI) Ltd., is a foreign corporation of Canada.

5.    Upon information and belief, and based upon the allegations in the plaintiff's Complaint, the value of the Waterbury Action exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, the case appears to have value in excess of $75,000 based on the extensive list of injuries and medicals listed in the plaintiff's Complaint.

6.    This Notice of Removal is being timely filed within 30 days after the receipt by the defendants through service of a copy of the initial pleading setting forth the claim for relief upon which the plaintiff's claims are based, pursuant to 28 U.S.C. § 1446(b)(1).

7.    This Court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the Waterbury Action had originally been brought in Federal court.   Removal is, therefore, proper under 28 U.S.C. § 1441(a).

8.    Removal of this case on the basis of diversity citizenship is not precluded by 28 U.S.C § 1441(b)(2) because none of the parties in interest have joined and

3

served as a defendant a citizen of the State of Connecticut, which is the State in which the Waterbury Action was brought.

9.     All defendants consent to this removal.

10.     All state court papers in the possession of defendants at the time of removal, consisting of the summons and complaint, are attached hereto as **Exhibit A**.

11.     Written notice of the filing of this Notice has been given to all parties as required by law **Exhibit B**.

11.     Pursuant to 28 USC §1446(d), the defendants have notified the Superior Court of the State of Connecticut of the filing of this petition.

For the reasons set forth above, the defendant hereby removes this action from the Superior Court of Connecticut, J.D. of Waterbury at Waterbury, to this Court.

<div style="margin-left:40%">

DEFENDANTS,
EMMANUEL ARSENAULT,
SEAFOOD EXPRESS (PEI) LTD.,

By:   /s/ Joshua S. Chapps ct27867
Joshua S. Chapps, ct27867
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: jchapps@conwaystoughton.com

</div>

4

## **CERTIFICATION**

I hereby certify that on May 27, 2021, a copy of the foregoing Notice of Federal Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: /s/ Joshua S. Chapps ct27867
Joshua S. Chapps, ct27867
641 Farmington Avenue
Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: jchapps@conwaystoughton.com

Conway Stoughton LLC • Attorneys at Law
641 Farmington Avenue, Hartford, CT 06105
(860) 523-8000 • Fax (860) 523-8002• JURIS NO. 421209